IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SARAH LEDEAU SCHMASOW, Petitioner, vs. LITTLE SHELL TRIBE OF CHIPPEWA OF MONTANA, Respondent. | Cause No. CV 24-41-BLG-SPW-TJC ORDER |

This matter comes before the Court on pro se tribal Petitioner Sarah LeDeau Schmasow's ("Schmasow") application for writ of habeas corpus and memorandum in support. (Docs. 1 & 1-1.) Schmasow is a member of the Little Shell Tribe of Chippewa Indians of Montana. Schmasow did not utilize the Court's standard form, thus it is unclear under what statutory provision she proceeds. Because Schmasow is challenging purported acts undertaken by the Little Shell Tribe, the Court presumes Schmasow intends to proceed under the Indian Civil Rights Act ("ICRA").

**I.   Background/Schmasow's Claims**

Schmasow seeks a writ of habeas corpus against the Little Shell Tribe of Chippewa Indians of Montana and alleges that they have threatened suspending her

1

from full tribal membership and withholding federal resources if she does not adhere to a specific code of conduct. (Doc. 1 at 2); *see also*, (Doc. 1-1 at 1-2.) Schmasow advises she was informed of the threatened suspension via a letter sent on March 4, 2024. (Doc. 1 at 2.) Although Schmasow does not identify the exact nature of the required conduct, she contends that even if the threats are merely proposed, these threats constitute a "severe violation of her fundamental rights and citizenship status. (*Id.* ); *see also*, (Doc. 1-1 at 2.) She believes this Court's intervention is necessary to prevent future abuses and asserts "partial abrogation of tribal sovereignty" is appropriate because this matter involves a citizenship dispute. (Doc. 1 at 3); (Doc. 1-1 at 2-3.)

Schmasow asks this Court to issue a writ of habeas corpus and order Respondent to show cause for the threats made against her regarding potential suspension from tribal membership. She asks this Court to issue an injunction prohibiting Respondent from enforcing these threats of suspension and/or withholding federal resources, pending judicial review. Finally, Schmasow seeks a declaration that Respondent's actions are unlawful and a violation her fundamental rights, as well as tribal law. *See*, (Doc. 1 at 4); (Doc. 1-1 at 4-5.)

## II. Analysis

While Federal courts have long recognized that Indian tribes are distinct political entities retaining inherent powers to manage internal tribal matters,

Congress has abrogated some tribal immunity through the Indian Civil Rights Act. The ICRA provides: "[t]he privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of [her] detention by order of an Indian tribe." 25 U.S.C.A. § 1303. But this Court may not exercise jurisdiction over a habeas petition arising under ICRA, unless a petitioner has exhausted her tribal remedies. *See, Alvarez v. Lopez,* 835 F. 3d 1024, 1027 (9th Cir. 2016). This requirement is rooted in the "policy of nurturing tribal self-government," and, accordingly, a federal court must "stay its hand until the party has exhausted all available tribal remedies." *Jeffredo v. Maccarro,* 599 F. 3d 913, 918 (9th Cir. 2010).

Additionally, in order for a court to have subject matter jurisdiction over an ICRA habeas petition, the petitioner must be in custody at the time the petition is filed. *Id.* ("The term 'detention' in the statute must be interpreted similarly to the 'in custody' requirement in other habeas contexts.... Therefore, an ICRA habeas petition is only proper when the petitioner is in custody.")(internal citations omitted). Thus, ICRA habeas jurisdiction requires both detention and exhaustion.

As a preliminary matter, there is no indication that Schmasow has exhausted her tribal remedies. Turning to detention, Schmasow suggests that the potential for future suspension from tribal membership and the possible denial of federal resources and services constitutes a severe restraint on her liberty. While restraint

3

on liberty generally includes custody, parole, and probation, it may also include permanent banishment from a tribe. *See e.g., Poodry v. Tonawanda Band of Seneca Indians*, 85 F. 3d 874 (2d Cir. 1996).

In *Jeffredo*, the Ninth Circuit considered the issue of detention. There, the Pechanga Band of the Luiseno Mission Indians disenrolled members for failing to provide the necessary lineal eligibility; those members consequently lost access to some tribal services and tribal facilities. The disenrolled members petitioned for habeas relief. The Court looked to *Poodry* and acknowledged that actual physical custody is not necessarily a jurisdictional requirement for habeas review under § 1303. *Jeffredo*, 599 F. 3d at 919 (*citing Poodry*). The Court concluded, however, that loss of tribal citizenship and access to certain tribal facilities was not sufficiently severe to constitute detention. Unlike the *Poodry* petitioners, the petitioners in *Jeffredo* had not been convicted of a crime and permanently banished and, as a result, lost all rights afforded to tribal members. *Id*. Moreover, the Court noted that the petitioners had not been arrested, imprisoned, fined or otherwise "held" by the Tribe. Similarly, they had not been evicted from their homes or had their movements within the reservation restricted. *Id*. Looking to the Second Circuit for guidance, the Court determined:

> [l]ess severe restraints such as loss of one's "voice" in the community, loss of health insurance, loss of access to tribal health and recreational facilities, loss of quarterly distributions to tribal members, and loss of

4

one's place on the membership roles of the tribe are simply "insufficient to bring plaintiffs within [the] ICRA's habeas provision." *Id., citing Shenandoah v. U.S. Dept. of Interior*, 159 F. 3d 708, 714 (2d Cir. 1998).

With this background in mind, the Court determines that Schmasow has not suffered a severe restraint on her liberty. She has not been convicted of a crime, nor has she been banished from the tribe. She has not been evicted from her home nor have her movements been meaningfully restricted. She simply cites to a potential for consequences at some point in the future in the event that she fails to comply with an unidentified tribal conduct code. This is not among the most severe restrains on individual liberty, amounting to detention, for which a writ of habeas corpus is reserved. *See Hensley v. Mun. Court, San Jose Milpitas Judicial Dist., Santa Clara County*, 411 U.S. 345, 351 (1973).

Schmasow's petition has not adequately alleged exhaustion or detention so as to meet the requisite showing under § 1303 of the ICRA. Accordingly, this Court lacks jurisdiction to consider the petition.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the

district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Schmasow has not made a substantial showing that she was deprived of a constitutional right. Moreover, there is no doubt that this Court lacks jurisdiction. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

ORDER

1. Schmasow's petition (Doc. 1) is DENIED and DISMISSED with prejudice for lack of jurisdiction.

2. The Clerk of Court is directed to enter a judgment of dismissal and close the matter.

3. A certificate of appealability is DENIED.

DATED this 30th day of January, 2025.

Susan P. Watters
United States District Court Judge